UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-24031-GAYLES

NISSIM SULEMAN,

        Plaintiff,

v.

DARDEN RESTAURANT INC.
SELF INSURANCE FOR YARD HOUSE
USA INC., a Delaware Corporation, DBA
YARD HOUSE

        Defendant,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record.

Plaintiff, Nissim Suleman, appearing *pro se*, filed this action on December 13, 2022. [ECF No. 1]. In his Complaint, Plaintiff alleges that he is suing "Defendant Darden Restaurant Inc. Self Insurance and Subsidiaries for Yard House USA Inc. d/b/a Yard House" ("Defendant") for fraud. Attached to the Complaint are over three hundred pages from the docket in *Nissim Suleman v. Yard House USA, Inc. d/b/a Yard House*, Case No. 201803246 CA 01, a civil action pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Case").

Shortly after Plaintiff filed the instant Complaint, this Court entered an Order directing Plaintiff to file a pleading establishing the basis for federal subject matter jurisdiction over his claims. [ECF No. 4]. In response, Plaintiff filed several documents which indicate that Plaintiff is asking this Court to review the State Court Case. *See* [ECF No. 5, 6, 7, 8, 9, 10]. However, this Court does not have jurisdiction to review ongoing state court proceedings. Moreover, in the event a final judgment has been entered in the State Court Case, Plaintiff's claims would be barred by the *Rooker-Feldman* doctrine. "The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate

courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir.2009) (per curiam). The doctrine applies "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Id.* (citation omitted).

Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of January, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE